IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| MARK A. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-cv-0064 |
| | ) | |
| KYLE HELTON and | ) | Chief Judge Haynes |
| GILES COUNTY JAIL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Plaintiff, Mark A. Allen, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants Kyle Helton and Giles County Jail. According to his complaint, Plaintiff was at the Giles County Jail ("jail") for three months, from January 10, 2013 through April 14, 2013 and during that time, Plaintiff never received treatment nor medications for his mental-health problems. (Docket Entry No. 1, Complaint at 2). Plaintiff alleges that at booking, Plaintiff alerted jail officials that he had been on medications for a mental-health condition and needed to remain on those medications while in custody. Plaintiff alleges that a nurse at the jail, "Mrs. Martha," put him "on the list to get mental help," but he never received treatment. Plaintiff alleges that he started hearing voices and was becoming very paranoid. The complaint is unclear if the Plaintiff were allowed to keep his medications.

Because Plaintiff proceeds as a pauper, his complaint must be subject to an initial review pursuant to 28 U.S.C. § 1915(e)(2). Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, and must dismiss the complaint or

1

any portion of it that fails to state a claim upon which relief can be granted, or is frivolous. Under this standard, Plaintiff's complaint must be dismissed if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In reviewing the complaint, the Court must "(1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As to claims against the Giles County Jail, a local jail or correctional facility is not a "person" subject to an action under 42 U.S.C. § 1983. *See Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271, 274 (D.C. Pa. 1976); *Marsden v. Fed. BOP*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893–94 (E.D. Va. 1992). Accordingly, Plaintiff's claims against defendant "Giles County Jail" should be dismissed for failure to state a claim for

which relief may be granted.

Under the Eighth Amendment, government entities or officials cannot be deliberately indifferent to an inmate's serious medical needs in need of immediate attention. *Estelle v. Gamble*, 429 U.S. 97, 104 (1916); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006). As a pretrial detainee, the Fourteenth Amendment rather than the Eighth Amendment applies, but the legal protection is the same. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) ("Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees. . . .").

For relief, Plaintiff seeks $1 million in compensatory damages, and injunctive relief including firing the jail administrator, sheriff and corrections officers, and hiring a nurse who will be on duty "24/7." (Docket Entry No. 1, Complaint at 3). Plaintiff is no longer housed at Giles County Jail. Given Plaintiff's release any claims for injunctive relief are moot and are subject to dismissal on that basis alone. *See Cardinal v. Metrish*, 564 F.3d 794, 798–99 (6th Cir. 2009) (citation omitted) (holding that claims against prison officials for declaratory and injunctive relief are rendered moot when the inmate plaintiff is no longer incarcerated at the facility that employs the defendants against whom such relief is sought, because these defendants lack the ability to provide the prospective injunctive relief the plaintiff seeks).

As to the claims against Sheriff Kyle Helton, the fact of prescribed medication can reflect a serious medical condition, but Plaintiff does not specify any act or omission of Defendant Helton. Plaintiff does not identify whether he is suing Defendant Helton in his individual or official capacity. Insofar as Plaintiff seeks to hold Sheriff Helton personally liable in his

individual capacity, the Complaint fails to allege facts suggesting the personal involvement of this defendant in any action giving rise to Plaintiff's claims. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005) ("[P]roof of personal involvement is required for a supervisor to incur personal liability"). Thus, the Court concludes that Plaintiff fails to state a claim against Sheriff Helton in his individual capacity.

Any claim against Sheriff Helton in his official capacity is a claim against the entity that employs Sheriff Helton, namely, Giles County. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While '[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,' individuals sued in their official capacities stand in the shoes of the entity they represent." (alteration in original) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985))). Although the county may not be held vicariously liable under 42 U.S.C. § 1983 for the actions of its employees or agents, the county "may be held directly liable for a constitutional violation committed through a county policy or practice." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 946 (6th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), and *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988)).

Yet, "[l]iability may be imposed on a county only when a county policy or custom caused the plaintiff's injury and a direct causal link existed between the policy and the purported denial of the right to adequate medical care." *Jones*, 625 F.3d at 946 (citations and internal quotation marks omitted). Where no formal policy exists, "the critical question is whether there is a particular custom or practice that 'although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law.'" *Id.* (quoting *McClendon v. City of Detroit*, 255 F. App'x 980, 982 (6th Cir. 2007) (quoting

-4-

*Praprotnik*, 485 U.S. at 127)).

Here, considering the factual inferences in a light most favorable to Plaintiff, as required for the evaluation. Plaintiff alleges facts where a jail nurse ordered medical care, but Plaintiff did not receive that care for more than three months. Although the complaint is unclear, if Plaintiff were allowed to keep his prescribed medications, Plaintiff's alleges that while at the jail he began to suffer from delusions and became paranoid. The inference from these latter allegations is that Plaintiff was denied his medications. Plaintiff suffered as a result of that denial. The wholesale denial of medications that were prescribed for Plaintiff is suggestive of policy of the county. Thus, the Court concludes that Plaintiff states a viable Fourteenth Amendment claim against Helton in his official capacity as Sheriff of Giles County.

An appropriate Order is filed herewith.

**ENTERED** this the 9th day of May, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court