IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| MARK ANTHONY ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13-00064 |
| | ) | Chief Judge Haynes |
| v. | ) | |
| | ) | |
| KYLE HELTON and | ) | |
| GILES COUNTY JAIL, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, Mark Anthony Allen, a prisoner, filed this action under 42 U.S.C. § 1983 against Defendants: Kyle Helton and Giles County Jail. Plaintiff asserts a claim for denial of medical care for his mental health. Before the Court is the Defendants' motion for summary judgment (Docket Entry No. 38) to which Plaintiff has not responded.

According to the undisputed facts, upon his incarceration at the Giles County Jail, Plaintiff received an initial screening by the jail nurse. Plaintiff informed the nurse that he was not currently taking medications for his mental health issues and did not have any medications. Plaintiff, however, requested blood pressure medication on several occasions and was transported to the Hillside Emergency Room twice for his blood pressure issues. On March 27, 2013, Plaintiff actually refused medical treatment on occasion.

Plaintiff filed grievances and medical requests to which the jail administrator or the nurse responded. Defendants notes that Plaintiff's grievances did not request a mental health treatment or medications. In his deposition, Plaintiff admitted that through the grievance process, he could

1

request mental health treatment. At his deposition, Plaintiff stated that he understood the jail's medical request and grievance procedures and that at any time he could submit a written request for mental health treatment and medication. Under the Jail's policy on medical requests, any inmate in the facility who requests medical attention will be responded to in a timely manner.

Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). As discussed infra, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). The Court concludes that there are not any material factual disputes.

Under the Eighth Amendment, jail officials must provide incarcerated persons with medical care and cannot be deliberately indifferent to the serious medical needs of a prisoner. Estelle v. Gamble, 429 U.S. 102, 104-05 (1976). The objective element of this right requires the inmate to have a serious medical condition, Farmer v. Brennan, 511 U.S. 825, 834 (1994), that is a condition so obvious that a layperson would recognize the need for medical attention, the objective component is satisfied. Phillips v. Roane County, Tennessee, 534 F.3d 531, 539-40 (6th Cir. 2008). "'Deliberate indifference to serious medical needs is shown when prison officials have prevented an inmate from receiving recommended treatment or when an inmate is denied access to medical personnel capable of evaluating the need for treatment.'" Gilland v. Owens, 718 F.Supp. 665, 683-84 (W.D. Tenn. 1989) (citing Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)). Here, the Defendants' repeated provision of medical services to Plaintiff and

Plaintiff's failure to request treatment for any mental health issues preclude any finding of deliberate indifference necessary for Plaintiff's Eighth Amendment claim.

As to Defendant Helton who is named in his official capacity (Docket Entry No. 1 at ¶ 1), Plaintiff's claim is actually against the governmental entity employing Helton, Giles County Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994). Plaintiff has not submitted any proof of policy of Giles County, Tennessee to deny medical care to him or any other inmates at its jail. See Gregory v. City of Louisville, 444 F.3d 725, 753 (6th Cir. 2006).

Thus, the Defendants' motion for summary judgment is **GRANTED** and this action is **DISMISSED with prejudice**. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

This is the Final Order in this action.

It is so **ORDERED**.

ENTERED this the 17th day of June, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court